IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **THE COMMONWEALTH OF PUERTO RICO**<br><br>*ex rel*., **MESSO**, **LLC**,<br><br><br>Plaintiffs,<br><br>v.<br><br>**FIRST TRANSIT OF PUERTO RICO**, *et al*.,<br><br>Defendants. | CIVIL ACTION NO. 3:26-cv-01070-GMM |

### RELATOR'S AMENDED MOTION TO RECONSIDER ORDER RESTRICTING PUBLIC ACCESS TO DOCKET[*]

**TO THE HONORABLE COURT**:

    **COMES NOW** Plaintiff-Relator MESSO, LLC ("Relator"), through undersigned counsel, and respectfully moves this Honorable Court to reconsider its Order restricting public access to the docket in this proceeding (Dkt. No. 8), entered upon Defendants' *Motion to Restrict* (Dkt. No. 7). In support thereof, Relator states and avers as follows:

### I. INTRODUCTION

    Defendants' Motion to Restrict was predicated on a single assertion: that the complaint "remains under seal" in the Commonwealth court docket pursuant to Section 4.02(2)(b) of Act No. 154-2018 (*Ley de Reclamaciones Fraudulentas a los Programas, Contratos y Servicios del Gobierno de Puerto Rico,* translated as False Claims to Government of Puerto Rico Programs, Contracts, and Services Act), 32 L.P.R.A. § 2934a ("Act No. 154-2018"). However, a close examination of the statute, its federal analog, and the procedural posture of this case reveals that no legal basis exists for the continued sealing of the federal docket.

---

[*] This Amended Motion is filed to correct a clerical error in the original filing (Dkt. No. 12), which inadvertently omitted page 2 of the motion. No substantive changes have been made to the text. This filing supersedes the original in its entirety.

The mandatory sixty (60) day confidentiality period prescribed by Section 4.02(2)(b) of Act No. 154-2018 expired long before Defendants filed their Notice of Removal on February 9, 2026. The fact that the case file may still appear as restricted in the SUMAC electronic system of the Puerto Rico General Court of Justice is a clerical or administrative artifact, not a substantive legal impediment to public access in this federal forum.

## II. STATUTORY FRAMEWORK: ACT NO. 154-2018

Act No. 154-2018 was modeled after the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733. Like its federal counterpart, the Puerto Rico statute includes a qui tam provision allowing private citizens to bring actions on behalf of the Government. Section 4.02(2)(b), codified at 32 L.P.R.A. § 2934a, provides: "The complaint shall be filed with the Court of First Instance, shall remain under seal for at least sixty (60) days, and shall not be served on the defendant until the court so orders".

This provision establishes a minimum seal period of 60 days, not an indefinite or perpetual one. The purpose of the sixty-day seal is to afford the Government a reasonable opportunity to investigate the allegations and determine whether to intervene in the action. See 32 L.P.R.A. § 2934a(3). Critically, the statute further provides that the Government must, before the expiration of the sixty-day period (or any extensions thereof), either (a) proceed with the action, or (b) notify the court that it declines to intervene. Once the Government has made its election --or the statutory period has lapsed without action-- the *raison d'être* for the seal ceases to exist.

The text of Section 4.02(2)(b) itself confirms that the seal provision and the prohibition on service are two sides of the same coin. The statute provides, in a single sentence, that the complaint "shall remain under seal for at least sixty (60) days, **and shall not be served on the defendant until the court so orders**." 32 L.P.R.A. § 2934a (emphasis added). The conjunction

2

is not incidental; it reflects the Legislature's understanding that the seal exists *precisely* to prevent the defendant from learning of the complaint's existence while the Government conducts its investigation undisturbed.

### III. THE MANDATORY SEAL PERIOD HAS EXPIRED

The underlying complaint in this *qui tam* action, case number SJ-2025-CV-07134, was filed in the Puerto Rico Court of First Instance, San Juan Part, on August 10, 2025. Moreover, the Puerto Rico court issued an Order on November 18, 2025, allowing service on defendants. Thus, the mandatory sixty-day seal period under Section 4.02(2)(b) has long since elapsed. By the time Defendants were served on January 9, 2026, and when they filed their *Notice of Removal* on February 9, 2026, they had obviously acquired actual knowledge of the complaint and its contents. Thus, the only functional predicate for the seal has been entirely eliminated. Defendants cannot simultaneously articulate any justification for continued secrecy while filing a *Notice of Removal* that necessarily required them to review, copy, and transmit the very complaint they now seek to keep hidden from public view. Their motion is self-defeating: the act of removal is itself conclusive proof that the seal's protective purpose has been fully exhausted.

Defendants' *Motion to Restrict* relied exclusively on the representation that "as of today, the complete state court docket remains under seal..." (Dkt. No. 7 at ¶ 3.) This assertion conflates administrative status in the Puerto Rico state court electronic docketing system ("SUMAC") with the legal requirement of the statute. The continued appearance of a restricted docket in SUMAC is a clerical matter --the result of the state court's internal electronic filing procedures-- and does not constitute a judicial determination that the seal should remain legally operative beyond the mandatory 60-day period.

3

## IV. THE FEDERAL FALSE CLAIMS ACT: ILLUSTRATIVE AUTHORITY

Because Act No. 154-2018 was explicitly modeled on the federal FCA, federal precedent interpreting the analogous seal provision under 31 U.S.C. § 3730(b)(2) is instructive. Under the FCA, the complaint "shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2).

Federal courts have consistently recognized that the FCA seal is not open-ended. In *United States ex rel. Brasher v. Pentec Health, Inc*., 338 F. Supp. 3d 396, 403 (E.D. Pa. 2018), the Court denied the government's eleventh requested extension of the seal in a five-year-old qui tam case, holding that "the sealing provision is not intended to allow the Government to negotiate a settlement under the cloak of secrecy but rather to investigate the allegations and then to determine whether it is electing to intervene." See also *United States ex rel. Grupp v. DHL Express (USA), Inc*., 742 F.3d 51, 54 (2d Cir. 2014) ("The purpose of the sealing provisions is to allow the government time to investigate the alleged false claim and to prevent qui tam plaintiffs from alerting a putative defendant to possible investigations.").

In *United States ex rel. Graves v. Internet Corporation for Assigned Names and Numbers, Inc.,* 398 F.Supp. 3d 1307, 1313 (N.D. Ga. 2019), the Court affirmed that the "Relator's fear of retaliation is not sufficient reason to maintain the seal". See also *United States ex rel Martin v. Life Care Centers of America, Inc*., 912 F. Supp. 2d 618, 623 (E.D. Tenn. 2012) (unsealing case after finding government's serial extension requests approached "the abusive and, in any event, fall well beyond the contemplation of the FCA").

The Supreme Court's treatment of the FCA seal provision confirms its limited, purpose-driven character. In *State Farm Fire & Casualty Co. v. United States ex rel. Rigsby*, 580 U.S. 26 (2016), the Court held that a violation of the seal requirement does not mandate dismissal, reasoning that the FCA must be construed in light of its broader purpose of "encourag[ing] more private enforcement suits." *Id.* at 29 (citations omitted). The Court's refusal to treat the

4

seal as an absolute, self-enforcing bar underscores that it functions as a pragmatic investigative tool, not as an inviolable restriction on public access. Similarly, in *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419 (2023), the Court's analytical framework presupposes that the seal period constitutes a discrete initial phase of the litigation, after which the Government must elect to proceed or decline, and the case transitions to ordinary civil litigation subject to the usual rules. *See id.* at 425–27.

      The principle that emerges from this body of law is clear: a qui tam seal --whether under federal or state law-- exists for the government's investigative convenience and expires once its purpose has been served. Once the statutory period lapses, continued sealing must be justified by specific, articulable grounds. No such grounds have been presented here. On the contrary, where the defendant is already a party to the litigation and has full access to the complaint, continued sealing serves no cognizable interest under the statute.

      Additionally, it should be noted that this Court operates within the First Circuit, which adheres to the common law presumption of public access to judicial records. See generally, *In re Providence Journal Co.,* 293 F.3d 1 (1st Cir. 2002). The Supreme Court has likewise recognized that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

      In sum, Defendants should not be allowed to weaponize an expired administrative seal—one whose sole statutory purpose was to keep *them* uninformed—as a tool to suppress public access to a federal court docket. The seal was designed to protect the Government's investigative prerogatives, not to furnish defendants with a procedural mechanism to litigate in secret after they have already entered the arena.

## V. RELIEF REQUESTED

**WHEREFORE**, Relator respectfully requests that this Honorable Court:

1. RECONSIDER and VACATE its Order restricting public access to the court docket;

2. UNSEAL the docket and all filings in this action, consistent with the expiration of the sixty-day seal period under Act No. 154-2018;

3. DIRECT the Clerk of Court to restore full public access to all docket entries and filings in this case; and

4. Grant any such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED**.

Dated: February 26, 2026.

San Juan, Puerto Rico.

*/s/ Carlos J. Sagardía Abreu*
Carlos J. Sagardía Abreu
USDC-PR Bar No. 227510
**STRATEGIA LEGALE LLC**
1353 Ave. Luis Vigoreaux PMB 678
Guaynabo, PR 00966
Tel: (787) 360-7924
Email: cjsa@strategialegalpr.com

*/s/Alfonso S. Martínez Piovanetti*
ALFONSO S. MARTÍNEZ PIOVANETTI
USDC-PR 228813
PO Box 8013
San Juan, PR 00910
Tel. (787) 234-6239
alfonso@martinezpiovanetti.com

*Counsel for Plaintiff-Relator MESSO, LLC*

6

## CERTIFICATE OF SERVICE

I, Alfonso Martínez Piovanetti, hereby certify that on this same date, I filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys and participants of record. Pursuant to Standing Order No. 11, a copy of the foregoing motion was served on counsel for the Defendants via e-mail.

In San Juan, Puerto Rico, this 26th day of February 2026.

*/s/ Alfonso S. Martínez Piovanetti*

Alfonso S. Martínez Piovanetti